NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1247

EMERGIS TECHNOLOGIES, INC.
(formerly known as BCE Emergis Technologies, Inc.),

Plaintiff-Appellant,

v.

PNM RESOURCES, TNMP,
and FIRST CHOICE POWER,

Defendants-Appellees.

- - - - - - - - - - -

2007-1252

EMERGIS TECHNOLOGIES, INC.
(formerly known as BCE Emergis Technologies, Inc.),

Plaintiff-Appellant,

v.

OTTER TAIL CORPORATION,

Defendant-Appellee.

David K. Callahan, Kirkland & Ellis, LLP, of Chicago, Illinois, argued for plaintiff-appellant. With him on the brief were Joseph J. Jacobi and Alison Aubry Richards.

Douglas D. Salyers, Troutman Sanders, LLP, of Atlanta, Georgia, for defendants-appellees PNM Resources, et al. With him on the brief was James Hunt Yancey, Jr. Of counsel was Alice Tomlinson Lorenz, Miller Stratvert, P.A., of Albuquerque, New Mexico.

J. Thomas Vitt, Dorsey & Whitney, LLP, of Minneapolis, Minnesota, argued for defendant-appellee Otter Tail Corporation. With him on the brief was Bart B. Torvik.

Appealed from: United States District Court District of New Mexico

Magistrate Judge Leslie C. Smith

Appealed from: United Stated District Court District of Minnesota

Chief Magistrate Judge Raymond L. Erickson

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1247

EMERGIS TECHNOLOGIES, INC.
(formerly known as BCE Emergis Technologies, Inc.),

Plaintiff-Appellant,

v.

PNM RESOURCES, TNMP, and FIRST CHOICE POWER,

Defendants-Appellees.

------------------------

2007-1252

EMERGIS TECHNOLOGIES, INC.
(formerly known as BCE Emergis Technologies, Inc.),

Plaintiff-Appellant,

v.

OTTER TAIL CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court for the District of New Mexico in case no. 06-CV-0100, Magistrate Judge Leslie C. Smith.

Appeal from the United States District Court for the District of Minnesota in case no. 06-CV-348, Chief Magistrate Judge Raymond L. Erickson.

_____

DECIDED: January 31, 2008
_____

Before GAJARSA and DYK, <u>Circuit Judges</u>, and MORAN, <u>District Judge</u>.[*]

MORAN, <u>District Judge</u>.

Pending before us are two separate appeals arising from Plaintiff-Appellant Emergis Technologies, Inc.'s patent prosecutions. In Appeal No. 2007-1247, Emergis appeals the order of the District Court for the District of New Mexico granting summary judgment of non-infringement of United States Patent No. 6,044,362 ("the '362 patent") in favor of Defendants-Appellees PNM Resources, TNMP, and First Choice Power (collectively "the PNM appellees"). In Appeal No. 2007-1252, Emergis appeals the order of the District Court for the District of Minnesota granting summary judgment of non-infringement of the '362 patent in favor of Defendant-Appellee Otter Tail Corporation. Although each appeal is factually unique, they present similar legal issues, and we have consolidated them for disposition in this decision.

We <u>affirm</u> the decision of the district courts that none of the accused products infringes on the '362 patent. But, in doing so, in Appeal No. 2007-1247, we correct the district court's construction of the term "customer invoice account number."

BACKGROUND

The '362 patent relates to a system for automated electronic billing and payment. Customers enroll in the system and it then presents bills to the customers electronically. After receiving the electronic invoices, the customers make payments online through the system. The system accepts the payments and routes them to the invoicer's financial institution.

---

[*] Honorable James B. Moran, Senior District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

According to the '362 patent, existing online payment systems contained a great deal of complexity and were too expensive. The '362 patent attempted to solve these problems by creating a process that is "a simple, straight forward system and method of automated electronic invoicing and payment that directly involves the invoicer and the customer, while, at the same time, does not require a third party service provider." '362 patent, col. 1, ll. 53-56.

The '362 patent contains ninety-nine claims, of which six are independent. Claim 1 is representative and provides in relevant part:

> An automated electronic invoicing and payment system for providing remote customer review of automated billing from an invoicer, wherein the customer payment instructions are sent from the customer directly to the invoicer, said system comprising:
> (a) invoice presentation electronics adapted to present customer billing data for customer review and to request payment instructions relating to automated billing to said customer; and
> (b) a remote electronic customer authorization interface adapted to: (i) receive the customer billing data for customer review and the request for payment instructions from said invoice presentation electronics, (ii) provide the customer billing data for customer review and the request for payment instructions to the customer; (iii) receive customer payment instructions from the customer in response to the request for payment instructions; and (iv) transmit the customer payment instructions from the customer directly to said invoicer, said payment instructions including at least a customer invoice account number and an associated customer payment account.

'362 patent, col. 8, ll. 44-65 (emphasis added).

The PNM appellees are electric and gas utilities and transmission companies that offer their customers two online payment systems: Vended Solutions and Internal Solution. Vended Solutions allows customers to pay their bills via a website maintained by BillMatrix, a third party company. Internal Solution allows customers to pay their bills on the PNM appellees' websites via a one-time bank draft.

Emergis brought suit against the PNM appellees and alleged that both Vended Solutions and Internal Solution infringed on the '362 patent. The district court construed eleven claim terms, of which two are relevant on appeal. The court construed the requirement that customer payment instructions be sent "directly" from the customer to mean "the customer sends payment instructions to the invoicer without reliance on upon or through a third party service provider." The court next construed the term "customer invoice account number" to mean "a number or other identifier associated with the customer's account for its purchase of goods and services from the invoicer."

The PNM appellees moved for summary judgment and the district court granted the motion. The court found that Vended Solutions was operated by a third party service provider that was not controlled in any way by the PNM appellees, and thus customer payment instructions were not made directly to the PNM appellees. The district court also found that the Internal Solution system—although operated by the PNM appellees—did not infringe because customers entered their account number to log on to the system and not in response to a request for payment instructions from the system.

Otter Tail owns an electric utility that allows customers to pay their bills online via a service called "ePay." Emergis brought suit against Otter Tail and alleged that ePay infringed on the '362 patent. As relevant here, the district court construed the requirement that customer payment instructions be sent "directly" from the customer to mean "the payment instructions must be sent from the customer directly to the invoicer without the intervention of any third-party service provider." Because ePay was

operated by Princeton eCom, a third party service provider, the district court granted summary judgment on behalf of Otter Tail.

Emergis filed timely appeals of both judgments. We have jurisdiction under 28 U.S.C. § 1295(a)(1).


DISCUSSION

We review a district court's claim construction and grant of summary judgment without deference. Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1456 (Fed. Cir. 1998) (en banc) (claim construction); Johns Hopkins Univ. v. CellPro, Inc., 152 F.3d 1342, 1353 (Fed. Cir. 1998) (grant of summary judgment). We draw all reasonable inferences in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Summary judgment is only appropriate if no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

I. "Directly"

We first review the district courts' constructions of the term "directly." Emergis argues that both district courts were incorrect when they construed the term "directly" to require that a customer's payment instructions be sent from the customer to the invoicer without the intervention of any third party service provider. Emergis contends that the inventor's preferred embodiment of the invention permitted an invoicer to use an outside company for such tasks as webserver hosting, and that the term "directly" simply means a system that does not utilize a customer-chosen consolidator. We cannot agree. The specification does not make any such distinction and instead describes the third party

provider system as prior art without distinction as to who chooses the third party service provider. The specification criticizes the use of any third party service provider and the prior art diagram included in the specification refers generally to "3rd party service providers" without making any distinction as to different types of providers. We thus agree with both district courts that the term "directly" precludes the use of any third party service provider.

With this claim construction in mind we turn to the issue of infringement. Emergis argues that, even under the district courts' constructions of the term "directly," the Vended Solutions and ePay systems literally infringe on the '362 patent because the operators of those systems, BillMatrix and Princeton eCom, act as agents for the invoicers and, as agents, cannot be considered third-party service providers. But there is no evidence in the record that the relationship between BillMatrix and Princeton eCom and their respective invoicers extends beyond the typical business relationship of servicer and client. BillMatrix and Princeton eCom are their own legal entities that are not operated or controlled by the invoicers. The mere fact that a business relationship exists between these parties does not dissolve their independence, whether or not they are agents for some purposes. Moreover, BillMatrix and Princeton eCom are not just providing a passive service like the lockbox service that financial institutions often provide to their customers. Instead, they maintain the web system and initiate the billing process with customers of the invoicers. In sum, because BillMatrix and Princeton eCom are independent third party service providers, we affirm the district courts' decisions that Vended Solutions and ePay do not infringe the '362 patent.

## II. "Customer Invoice Account Number"

However, this does not resolve the infringement questions as to PNM's internal solution, which, unlike PNM's vended solution and Otter Tail's ePay system, does not use a third party service provider. We thus turn next to the district court's construction of the term "customer invoice account number." The PNM appellees argue that the district court incorrectly construed the term to mean "a number or other identifier associated with the customer's account for its purchase of goods and services from the invoicer." They argue instead that the term should be construed to mean only an invoice number.

To arrive at its construction the district court relied on the explanation of Emergis's counsel. At a hearing, counsel explained that an invoicer needs to have three distinct pieces of information in order to properly credit the customer's invoice: (1) the account on which the customer is paying, (2) the amount the customer is paying, and (3) how the customer is paying. An invoice number is not necessary. The court found that the specification, which provided that "[t]he invoice presentment electronics may include a memory device to store information relating to customer bills and account information" supported its interpretation that the term "customer invoice account number" referred to the customer's unique account and not individual invoices.

We cannot agree with the district court's construction. The summary of the invention used the phrases "invoice account number" and "customer invoice number" interchangeably, but "invoice account number" was never used interchangeably with "account number" or "customer number." Because the summary of the invention supports a narrow interpretation of the term, we hold that the correct construction of "customer invoice account number" is only an invoice number. Further, because

Emergis does not dispute that the PNM appellees do not use invoice numbers as part of the Internal Solution system, we affirm the district court's judgment that Internal Solution does not infringe on the '362 patent.

The decision of the District Court for the District of Minnesota is <u>AFFIRMED</u>. The decision of the District Court for the District of New Mexico is <u>AFFIRMED IN PART</u> and <u>REVERSED IN PART</u>.